Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3217 | **DATE** | 3/28/2003 |
| **CASE TITLE** | U.S.A. ex rel: Fabian Santiago vs. Jonathan R. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion. Accordingly, attorney Graham is granted leave to file in this Court's chambers on or before April 15, 2003 (with a copy to be transmitted to respondent's counsel) an appropriated filing on the subject of timeliness.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 31 2003 date docketed | | |
| ✓ | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 MAR 28 PM 3:56 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
FABIAN SANTIAGO, B-79716,          )
                                   )
                Petitioner,        )
                                   )
     v.                            )    No. 02 C 3217
                                   )
JONATHAN R. WALLS, Warden,         )
                                   )
                Respondent.        )

## MEMORANDUM

This Court's most recent (January 24, 2003) memorandum in this action placed on hold, pending the United States Supreme Court's decision in Clay v. United States, Dkt. No. 01-1500, the motion to dismiss that had been filed by respondent Warden Jonathan Walls. Although Clay did not pose in direct fashion the issues presented by the Warden's motion, the then-expected imminence of that decision suggested prudence in waiting to see whether anything said there might cast light on the matters before this Court.

On March 4 the Clay decision came down (71 U.S.L.W. 4155). Its discussion was limited to the includability of the time for seeking certiorari in fixing the date when a judgment of conviction becomes final (thus starting the one-year limitations clock ticking under 28 U.S.C. §2255[1] for federal prisoners, just

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

as it does under Section 2244(d)(1) for state prisoners seeking federal habeas relief. Nothing in the discussion in <u>Clay</u> provides added insight as to the controlling issues here.

It therefore appears that the Warden's motion to dismiss is well taken:

1. After the May 4, 1999 date of finality of the direct appeal by petitioner Fabian Santiago ("Santiago") from his state court conviction (a date that takes into account the time within which he could have sought, but did not seek, certiorari) and before the August 9, 1999 filing of his state court post-conviction petition, 97 days ran on the one-year time clock.

2. Between the June 22, 2001 date on which the Illinois Appellate Court rejected Santiago's appeal relating to his post-conviction petition and the May 2, 2002 filing date of his Section 2254 petition here, another 314 days elapsed.

That second calculation does not credit Santiago for any time within which he could have sought, but did not seek, further review of the Appellate Court's turndown--a matter controlled by our Court of Appeals' decision in <u>Gutierrez v. Schomig</u>, 233 F.3d 490 (7th Cir. 2000) as to when a post-conviction application is "pending" for purposes of the Section 2244(d)(2) tolling

2

provision.[2]

What has been said here would ordinarily call for the granting of Warden Walls' motion and the dismissal of Santiago's petition and this action. But up to now Santiago's able appointed counsel, James Graham, Esq., has not been afforded an opportunity to address the issue dealt with here. Accordingly attorney Graham is granted leave to file in this Court's chambers on or before April 15, 2003 (with a copy to be transmitted to respondent's counsel) an appropriate filing on the subject of timeliness. In that respect, it should of course be understood that if attorney Graham sees no arguable avenue of escape for Santiago, he is at liberty to follow the path marked out by <u>Anders v. California</u>--without feeling any need to elaborate on the analysis advanced by Warden Walls' counsel or stated in this memorandum.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: March 28, 2003

---

    [2] No inference adverse to <u>Gutierrez</u> may fairly be drawn from the Supreme Court's rejection in <u>Clay</u> of our Court of Appeals' per curiam decision in <u>Gendron v. United States</u>, 154 F.3d 672, 674 (7th Cir. 1998), which addressed the concept of finality of a conviction, rather than the pendency of post-conviction efforts.

3